### PRESSINGER v. WOODHULL.

(Supreme Court, Appellate Term. November 14, 1906.)

MONEY LENT—ACTION—QUESTION FOR JURY.

Where, in an action for money lent, its receipt was admitted, and plaintiff, who was the only witness sworn, testified it had not been paid, the case should have been submitted to the jury, though some of plaintiff's testimony was not free from inherent improbabilities.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Two actions, tried together, by Abbie Pressinger against Harry Sturgis Woodhull. Judgment in favor of defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Judson G. Wells, for appellant.

John J. Sullivan, for respondent.

PER CURIAM. The plaintiff brought two actions against defendant. Each action is to recover for money loaned. They were tried together by the court and a jury upon the same evidence. Upon the trial the defendant admitted receiving the money from the plaintiff. The defense set up in the answer is payment. The plaintiff was the only witness sworn. At the close of the plaintiff's case, the defendant's counsel moved to dismiss the complaint upon the ground that the plaintiff's evidence was "conflicting and palpably false." In deciding the motion the trial judge said: "I cannot go into that. That is for the jury"—and then granted the motion. Exception was duly taken by the plaintiff.

While some of plaintiff's testimony cannot be said to be free from inherent improbablities, she certainly made out a prima facie case, which should have been submitted to the jury. The receipt of the money was admitted, and the plaintiff swore it had not been paid. There should be a new trial, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.